Pecií, J.
delivered the opinion of the court.
On the facts of this case, we are of opinion that the offence was not murder. Express malice was not proved. Allen w.as sought for by the deceased; words of heat ensued; what these words were, or who commenced them, we cannot learn from the testimony; but the most rational inference is, that they proceeded from him who threatened and sought for Allen;, and it was not unreasonable that Allen, thus threatened and assailed, should tell the deceased to depart from him. It is enough to say, that no act, from which malice could be inferred, was done by Allen at the outset. He drew no deadly weapon; he made a common assault with his fist; the other fought with him, quit the combat, and instantly endeavored to arm himself; failing in the first attempt, he made the second; laid hold upon a billet of wood. That he intended to use it *456 against Allen, and that it was a formidable and dangerous weapon, is obvious. Allen then struck the deadly blow. What is this but an homicide, resulting from a sudden quarrej an¿ affray ? The charge of the court, as it is found in the record, is certainly subject to ^observation. Supposing it probable, from the defective manner in which that record is made out, that we have but an imperfect view of the law, as it was delivered to the jury lay the judge, we forbear to comment upon it. We would rather suppose an hiatus in the bill of exceptions, than bring ourselves to the conclusion, that he, charged with the life of an individual, could, in a casejof the character before us, lose sight of the discriminating marks which establish the boundaries between murder and manslaughter. In drawing this distinction, what constituted malice should have been laid before the jury. On this, which was the main point, the record is silent.
Let the judgment be reversed, and cause remanded for a new trial.
Judgment reversed.